UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW WILLIAM PARKER,

                Petitioner,                Civil No. 2:12-CV-12701
                                         Honorable David M. Lawson

v.

MARY BERGHUIS,

                Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO HOLD
HABEAS PROCEEDING IN ABEYANCE**

The petitioner, Matthew William Parker, presently confined at the E.C. Brooks Correctional

Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  He was convicted by a jury in the Oakland County Circuit Court of

two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.50b(b)(1).  He was

sentenced on April 8, 2010 to seventeen-and-a-half to fifty years in prison for each conviction, to

be served concurrently.  In his petition, the petitioner raises claims regarding jury deliberations,

defense counsel's failure to request a deadlocked jury instruction, and the trial court's denial of the

petitioner's motion for a mistrial.

On June 20, 2012, the petitioner filed a "Motion to File Protective Petition to Stay and Abey

Habeas Corpus Proceedings," asking the Court to hold his petition in abeyance to give him the

opportunity to exhaust additional claims that are not included in the current petition.  Because the

Court believes a stay of proceedings is inappropriate, the petitioner's motion to hold his petition in

abeyance will be denied.

I.

The petitioner was convicted of the charges mentioned above following a jury trial in the

Oakland County, Michigan circuit court. The petitioner's convictions were affirmed by the

Michigan Court of Appeals on December 12, 2011 in an unreported decision. *People v. Parker,* No.

303439 (Mich. Ct. App. Dec. 12, 2011). The petitioner then filed an application for leave to appeal

with the Michigan Supreme Court, which was denied on May 21, 2012. *People v. Parker,* 491

Mich. 922, 812 N.W.2d 756 (2012).

On June 20, 2012, the petitioner filed the instant application for a writ of habeas corpus. The

petitioner raised the following claims, which the petitioner asserts have been exhausted in state

courts:

> [I.] Mr. Parker was denied his state and federal constitutional right to a fair trial, an
> impartial jury free from coercion, and the effective assistance of counsel and must
> be granted a new trial, where the jury sent a note during deliberations suggesting it
> was deadlocked, and later juror #6 revealed that the announced verdict was not her
> verdict, yet defense counsel failed to request and the trial court failed to give a
> deadlock instruction on either occasion.
> [II.] The trial court abused it's [sic] discretion in denying Mr. Parker's motion for
> mistrial.

Pet. Attachment C. The petitioner seeks to have the case stayed so that he may exhaust additional

claims regarding the effectiveness of his appellate counsel, the adequacy of the jury instructions,

prosecutorial misconduct, subject-matter jurisdiction, the trial court's handling of the proceedings,

and the constructive denial of trial and appellate counsel.

II.

State prisoners must exhaust available state remedies for their claims before seeking a federal

writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because

2

habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition.

The claims in the petitioner's *pro se* habeas corpus petition appear to be exhausted. If the petitioner were to file a supplemental brief raising new issues that were not raised in state court, the Court would be required to dismiss the petition in its entirety, absent unusual or exceptional circumstances. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

The petitioner moves the Court to hold his petition in abeyance while he proceeds to exhaust any additional claims in the state courts. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." *Ibid*. (internal citation omitted). A stay of proceedings must be compatible with the AEDPA's twin purposes of reducing delay in the execution of criminal sentences and encouraging the finality of state court judgments. *Ibid*. These twin purposes must be balanced against the interests served by the total exhaustion rule set forth in *Rose v. Lundy*. *Ibid*. Stay and abeyance are available only in limited circumstances, such as when the petitioner shows "good cause" for the failure to exhaust claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78. Although this Court has held habeas petitions in abeyance in cases in which the time has run on a petitioner's statute of limitations and the petition contains both exhausted and unexhausted claims, it appears that the petition in this case contains only exhausted claims and the petitioner has sufficient time remaining in his limitations period to exhaust

his state court remedies on any additional claims and amend his petition before the limitations period expires. In the alternative, the petitioner could move this court to dismiss his petition without prejudice, then exhaust his claims and re-file the petition.

The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Froman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

The petitioner's conviction in this case will become final on August 19, 2012, ninety days after the Michigan Supreme Court denied the petitioner leave to appeal, when the time for filing a petition for a writ certiorari in the Supreme Court expires. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). As of today, the petitioner has 395 days remaining before the statute of limitations expires. The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Therefore, if the petitioner properly initiates his state court post-conviction proceedings before August 19, 2013, he will not lose his federal habeas rights. Because it appears

that the petitioner has sufficient time to exhaust his state court remedies within the statutory period,

the Court will deny the petitioner's motion to hold the petition in abeyance.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their

claims as federal constitutional issues in the state courts before raising those claims in a federal

habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S.

838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete

round of the state's established appellate review process, including a petition for discretionary

review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claim

to the state courts by citing a provision of the Constitution, federal decisions using constitutional

analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v.

Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir.

1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on

defendant's claims of constitutional violations").  A Michigan petitioner must present each ground

to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*,

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.

1990). The petitioner bears the burden of showing that state court remedies have been exhausted.

*Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his

unexhausted claims.  The petitioner may file a motion for relief from judgment pursuant to Michigan

Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the

prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the

5

petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n. 3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

<div align="center">III.</div>

The Court concludes that the petition may not be held in abeyance because the petition does not appear to contain unexhausted claims and the petitioner has sufficient time remaining to exhaust his state court remedies within the limitations period.

Accordingly, it is **ORDERED** that the petitioner's motion to file protective petition to stay and abey habeas corpus proceedings [dkt. #3] is **DENIED**.

<div style="margin-left: 40%;">

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

</div>

Dated: July 23, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL